# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

MICHAEL DELON GATES                                                                         PLAINTIFF

v.                                                              CIVIL ACTION NO. 4:18-CV-P188-JHM

HOPKINS COUNTY JAIL MEDICAL STAFF *et al.*                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Michael Delon Gates leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow some claims to proceed, dismiss others, and allow Plaintiff the opportunity to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff was previously incarcerated at the Hopkins County Jail (HCJ). He brings this action against the following Defendants – "HCJ Medical Staff"; Dr. Matthew Johnston; Nurse Leigh Ward; and Nurse Tiffany Pile. He sues Defendants Johnston and Ward in both their official and individual capacities. He does not indicate in what capacity he sues Defendant Pile.

Plaintiff makes the following allegations:

On the date of July 17, I was shipped to [HCJ] from LMDC with my inhailors that I must use for major lung issues (COPD, emphazima, sorcordosis, & chronic asthmatic. I explained to the Class D coordinator, Mrs. Browning, that I need my inhailors when she pulled us up at the [HCJ], which I was denied my inhalrs & suffered chest pains and what felt like suffocation. I seen medical & told them my medical history & I signed a medical release consent form that was never sent out. I was still denied my meds it took 4½ to almost 5 months before a nurse by the name of Ms. Whitley to get my records to back my claims all the while my condition was getting worst. . . . Then I was finally allowed to get my rescue inhaler up to 2 times a day which wasn't enuff. I still suffered on a daily basis up to 18-20 hours a day . . . Then [Defendant] Nurse Ward told me she could

discontinue my rescue inhaler after I told her it wasn't enuff & just have some medical compassion, why would you say that being a head nurse? They violated me in every constitutional way & rights, being incarcerated at HCJ was life threatening to me, I physically and mentally thought I was going to make it out of there I suffered every day waiting for the relief of my inhailor . . . I don't know all the legal terminology but I know that a man with my medical conditions shouldn't have suffered like that. The Doctor told me it was a 300 Dollar Price thang, my response to him was my life isn't worth 300 dollars. My right to live was clearly violated my right to being medically healthy was violated, my right to breathe something as free as aire was violated. This was tottaly uncalled for, and the nurses at the facility I'm at now got my medical records ASAP and has me on proper medication and told me that I shouldn't have had to struggle to breathe.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Based on the allegations set forth in the complaint, the Court will allow Plaintiff's official-capacity claim of deliberate indifference to a serious medical need to proceed against Defendant Dr. Johnston based upon Plaintiff's allegation that he was denied the medical treatment he needed due to cost. The Court will also allow an individual-capacity claim to

3

proceed against Defendant Dr. Johnston for deliberate indifference to a serious medical need.[1]

Finally, the Court will allow a retaliation claim to proceed against Defendant Nurse Ward in her individual capacity based upon Plaintiff's allegation that she seemingly threatened to withhold medical treatment from Plaintiff if he continued to seek medical care.

The Court next turns to Plaintiff's allegations against the "HCJ Medical Staff." Because the medical department of a jail is not a "person" within the meaning of § 1983, Plaintiff cannot state a claim against the "HCJ Medical Staff." *See*, *e.g., Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350 (6th Cir. 2006) (holding that a state prison's medical department is not a "person" under § 1983); *Hay v. Cuyahoga Jail Med. Dep't*, No. 1:11 CV 2652, 2012 U.S. Dist. LEXIS 9976, at *5-6 (N.D. Ohio Jan. 27, 2012) (dismissing claim against county jail medical department for same reason). Thus, the Court will dismiss Plaintiff's claims against the "HCJ Medical Staff" for failure to state a claim upon which relief may be granted.

Plaintiff has also failed to state a claim against Defendant Nurse Pile because he does not sue her in her individual capacity or make any allegations against her in the complaint. "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation . . . ." *Cox v. Barksdale*, No. 86-5553, 1986 U.S. App. LEXIS 33615, *2 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982)). The specific facts of the complaint must explain how the defendants are personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Nonetheless, before dismissing her from this action, the Court will allow Plaintiff an opportunity to amend his

---

[1] Although Plaintiff does not mention Defendant Johnston in the body of the complaint, he mentions a "doctor." Because Defendant Johnston is the only doctor sued by Plaintiff, the Court concludes that Defendant Johnston is the "doctor" referenced in the body of the complaint.

4

complaint to sue Defendant Pile in her individual capacity and to explain how he believes she violated his rights. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

The Court will also allow Plaintiff to amend his complaint to name as Defendants in their individual capacities any other persons he believes were deliberately indifferent to his serious medical need while he was incarcerated at the HCJ and to include any additional allegations against Defendants Dr. Johnston and Nurse Ward.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims against the "HCJ Medical Staff" are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The **Clerk of Court** is **DIRECTED** to **terminate the "Hopkins County Jail Medical Staff" as a party to this action.**

As stated above, the Court will allow to proceed Plaintiff's official and individual-capacity claims against Defendant Dr. Johnston for deliberate indifference to a serious medical need as well as an individual-capacity claim against Defendant Nurse Ward for retaliation. In allowing these claims to proceed, the Court passes no judgment on their merit or upon the ultimate outcome of this action.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint in which he names as Defendants any other individuals he believes violated his rights (including Nurse Pile), sues these Defendants in their individual capacities, and describes the specific factual**

5

**allegations he believes support his claim against each newly named individual Defendant.[2] Plaintiff must also tender a summons form for each newly named Defendant. Plaintiff may also include any additional allegations against Defendants Dr. Johnston or Nurse Ward.**

The Court will conduct an initial review of the amended complaint in accordance with 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss Plaintiff's claims Defendant Nurse Pile for the reasons stated herein. The Court will also enter a Service and Scheduling Order for the claims it has allowed to proceed.

The **Clerk of Court** is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form, along with four summons forms, and send them to Plaintiff for his use should he decide to file an amended complaint.

Date: March 13, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Hopkins County Attorney
4414.011

---

[2] If Plaintiff does not know the name of a specific individual, he may name a John or Jane Doe Defendant and seek information to identify the person's name through discovery should a claim against that Defendant proceed beyond initial review.